UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 08-CV-68-HRW

ANDRE D. GRANT                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, WARDEN                                          RESPONDENT

    Andre D. Grant, who is incarcerated in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner identifies an individual named "Crawley" as the warden of FCI-Ashland, and names him as the respondent to this action.[1] Grant has paid the $5.00 filing fee.

    This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).  As Grant is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

    During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under 28 U.S.C. § 1915(e)(2), if a district court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and

---

[1]     The Court has learned that the warden of FCI-Ashland is an individual named "E. K. Cauley." The Clerk of the Court will be directed to correct the case caption to reflect this fact.

justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>CLAIMS</u>

Petitioner Andre D. Grants seeks an Order requiring the Bureau of Prisons ("BOP") to credit his federal sentence with 429 days of credit (January 19, 2005 to April 5, 2006) for time which he served in a county jail in Ohio. Grant alleges that the BOP's refusal to award him with the requested credit is a denial of due process of law under the Fifth Amendment of the United States Constitution.

<u>ALLEGATIONS OF THE PETITION</u>
1. <u>Grant's Custodial History</u>

Based on statements contained in Grant's § 2241 petition and two administrative remedy responses filed by the BOP, the Court has constructed a history of Grant's custodial status.

Grant was arrested by the Dayton Ohio Police Department on March 4, 2004, and charged with Complicity to Possess Marijuana and Possession of Criminal Tools. The state granted bond and Grant was released from their custody on March 5, 2004. Grant was returned to state custody on January 19, 2005, and was housed in Montgomery County Jail. On January 26, 2005, Grant was sentenced in Montgomery County Common Pleas Court, Dayton, Ohio, to a two-year term of imprisonment. On February 9, 2005, Grant was temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*.

On April 6, 2006, Grant was sentenced in the United States District Court for the Southern District of Ohio (Dayton), to a 60-month term for Conspiracy to Possess With Intent to Distribute in Excess of 100 Kilograms of Marijuana. *See United States of America v. Andre Grant et al*., Case No. 3:04-CR-00191-6 (Hon. Thomas M. Rose, presiding) [Docket No. 197].

2

The federal court ordered Grant's federal sentence to be served concurrently to the sentence he was serving through the Ohio state court. After federal sentencing, Grant was returned to state custody. He was released from his two-year state sentence on January 16, 2007, and federal authorities assumed custody on January 17, 2007.

2. <u>Administrative Remedies</u>

On or about May 21, 2007, Grant filed a "Request for Administrative Remedy"(BP-9) with Warden Brian Patton (then the warden of FCI-Ashland), seeking 429 days of credit toward his current 60-month federal sentence.  On June 4, 2007, Warden Patton denied Grant's request for credit on his federal sentence [Record No. 2-5].  Patton explained that Grant could not receive 429 days of credit on his federal sentence because he had already received the credit on his Ohio state sentence. Patton cited the provisions of 18 U.S.C. § 3583(b), which states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

(1)     as a result of the offense for which the sentence was imposed; or

(2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*." (Emphasis Added).

Grant then filed a "Request for Administrative Remedy" (BP-10) with the BOP Mid-Atlantic Regional Office.  On April 2, 2008, K.M. White, Director of the MARO, denied Grant's BP1-10 appeal [record No. 2-5, p. 3].  White relied on the statutory prohibition against dual credit set forth in § 3585(b).  White also reiterated Patton's conclusion that because Petitioner

3

Grant had only been "borrowed" by federal authorities between February 9, 2005 and April 5, 2006, pursuant to a writ of habeas corpus *ad prosequendum*, Grant remained in primary custody of the state of Ohio and received credit toward his Ohio state sentence for that period of time.

White also noted that the doctrine established in *Willis v. United Sates*, 438 F.2d 923 (5th Cir. 1971), applied to Grant's case. *Willis* holds that under certain circumstances, a sentencing adjustment can be made. Specifically, when non-federal and federal sentences are running concurrent to each other, an inmate may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences. White explained as follows:

> "Prior custody credit is controlled by Title 18, U.S.C., § 3585(b), and directs that credit shall be given for time spent in official detention provided it has not been awarded toward another sentence. When a federal and state sentence are concurrent, the Raw Effective Full Term Date (EFT) of each sentence is reviewed. If the Raw EFT Date of the state sentence is equal to or less than the federal Raw EFT, credit shall be given for time spent in official detention that begins on or after the date of the federal offense up to the date that the first sentence begins. These credits are known as Willis Credits.
>
> You were awarded Willis Credit from March 4, 2004, through March 5, 2004 and January 19, 2005, through January 25, 2005. Your state sentence was imposed on January 26, 2005, and was the first sentence imposed. Therefore time spent in custody after January 26, 2005, is not applicable toward your federal sentence. . . ."

[Record No. 2-5, p.3].

<u>DISCUSSION</u>

It appears from the § 2241 petition that Grant filed his "Request for Administrative Remedy" (BP-11 appeal) with the BOP Central on or about April 14, 2008 [Record No. 2-5, p. 6]. Grant readily admits that when he filed the instant § 2241 petition in this Court on May 6,

4

2008, the BOP Central Office had not responded to his BP-11 appeal. Since the filing of his §

2241 petition on May 6, 2008, Grant has not supplemented that record with any response from

the BOP Central Office.

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative

remedies before filing a petition under 28 U.S.C. § 2241.  *Gonzalez v. United States*, 959 F.2d

211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v.

Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir.

1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they

'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

The administrative remedies available to inmates confined in BOP institutions are set out

in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19.  Section 542.13(a)

demands that an inmate first informally present his complaint to the staff, thereby providing them

with an opportunity to correct the problem, before filing a request for an administrative remedy.

If the inmate cannot informally resolve his complaint, then he may file a formal written request

(a BP-9 form) to the Warden.  *See* § 542.14(a).  If the inmate is not satisfied with the Warden's

response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional

Director's response, the inmate may appeal (BP-11) to the Office of General Counsel.  *See* §

542.15 (a) - (b).

The exhaustion requirement is designed to ensure not only that the agency be given the

opportunity to review its conclusions short of litigation, but also that the district court be

provided a complete record upon which to review the agency's final action.  *See Brice v. Day*,

604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

Here, the petitioner has not set forth any reason for filing the instant § 2241 petition prior to receiving a response from the BOP.  Simply put, he has filed this action prematurely, before the administrative remedy process could run its full course. The Court will therefore dismiss the instant § 2241 petition without prejudice to Petitioner grant filing another petition after the BOP Central Office has evaluated and considered his BP-11 appeal and issued a written response on the merits.[2]

CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)    The Clerk of the Court is directed to amend the CM/ECF case caption to reflect that the proper respondent to this action is E. K. Cauley, the warden of FCI-Ashland.

---

[2]

Petitioner Grant should consider that even assuming the BOP Central Office denies his BP-11 appeal and he files a new § 2241 petition, he most likely would  not obtain the result that he wishes. The settled case law is that the Attorney General, through the BOP, is authorized to grant a prisoner credit for pre-sentence detention.  18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993).

Generally, where a prisoner has received credit toward a state sentence for the time period in question, he may not receive credit for this time toward his federal sentence.  *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993); *Garrett v. Snyder*, 41 Fed. Appx 756, **1 (6th Cir. (Ky.) June 25, 2002) (Not Selected for Publication in the Federal Reporter).

Additionally, the law is that time spent in the custody of the United States Marshal pursuant to a federal writ of *habeas corpus ad prosequendum* from state custody does not qualify as federal custody in connection with the federal offense.  *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished); *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. (Ky.) February 20, 2003) (not selected for publication in the Federal Reporter). Additionally, it appears that Petitioner Grant received all appropriate credit under the *Willis* doctrine.

6

(2)     Petitioner Andre D. Grant's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(3)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the Court's active docket.

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the warden/respondent, E. K. Cauley.

This June 6, 2008.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

7